

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2008

# Armstrong v. Brooks

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2076

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Armstrong v. Brooks" (2008). *2008 Decisions.* Paper 950.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/950

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-233**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2076

_____

NATHAN A. ARMSTRONG,
                                        Appellant

v.

SUPERINTENDENT MARILYN BROOKS; HEARING
EXAMINER PATRICIA MCKISSOCK; CAPTAIN
WILLIAM P. MCCONNELL; LT. R. GILBERT;
UNIT COUNSELOR BRIAN FLINCHBAUGH

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cv-00226)
Chief Magistrate Judge: Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 19, 2008

Before: SLOVITER, FISHER and HARDIMAN, Circuit Judges

(Filed: June 30, 2008)

_____

OPINION

_____

PER CURIAM

Appellant Nathan Armstrong, an inmate at the State Correctional Institution - Albion, filed an in forma pauperis civil rights action in United States District Court for the Western District of Pennsylvania against numerous prison officials, alleging a violation of his constitutional rights in connection with a grievance he submitted concerning the cold temperature in a cell. As a result of this grievance, he was interrogated about whether he wrote it for another inmate, threatened with solitary confinement, and his cell was ransacked during a search on or about July 23, 2007. Armstrong sought money damages.

Apparently in connection with this grievance, Armstrong was issued a misconduct, M/C#A839320, for lying to an employee about whether he had assisted another inmate. Armstrong was found guilty by a Hearing Examiner. His defense was that the charge was false, but the Hearing Examiner did not credit his testimony. The sanction imposed was 30 days cell restriction. Armstrong appealed to the Program Review Committee ("PRC") on the ground that he was denied the right to counsel and to confront witnesses, but the PRC sustained the misconduct and the sanctions imposed. Two months later, Armstrong filed an amended complaint, adding the Department of Corrections ("DOC") as a defendant and essentially restating his original claims. The amended complaint indicated that Superintendent Marilyn S. Brooks had sustained the decisions of the Hearing Examiner and the PRC, and further indicated that Armstrong's final appeal of

2

M/C#A839320 to the DOC Office of the Chief Hearing Examiner was denied.

Also attached to the first amended complaint was a copy of grievance no. 200475, in which Armstrong complained of sexual harassment, harassment, and retaliation in connection with his having given a urine sample. Armstrong alleged that the officer administering the test stared at his penis. The grievance officer responded by denying the grievance on the ground that random drug testing dates are controlled by the Central Office, and the method employed – where the officer observes the inmate giving the sample – was necessary to prevent the inmate from contaminating the sample or replacing it with another inmate's urine. A copy of Armstrong's appeal to the Superintendent of the denial of this grievance also was attached to the first amended complaint.

There followed a second amended complaint, in which Armstrong alleged that the defendants solicited another inmate to stab him, and, as a result, he was moved to J-block where he was sexually harassed "on a daily basis." Finally, Armstrong filed a third amended complaint, in which he named only two defendants, Unit Counselor Bryan Flinchbaugh and correctional officer Stewart, and asked that all other previously named defendants be terminated from the case. In this third amended complaint, Armstrong claimed that Flinchbaugh had interrogated him in connection with the alleged false misconduct and that his Eighth Amendment rights were violated by harassment and discrimination against him on the basis of his sexual orientation. No specific allegations

3

were directed at Ms. Stewart. Armstrong again sought money damages.[1]

Flinchbaugh and Stewart filed a motion to dismiss the third amended complaint or, in the alternative, a motion for summary judgment, alleging that Armstrong failed to exhaust his administrative remedies with respect to his claims by failing to grieve his allegations through the final level of the grievance process. Stewart also asserted that she was not directly implicated in any of Armstrong's allegations. The Declaration of Tracy Pollack, an Administrative Officer in the DOC Grievance Review Office, was submitted in support of the defendants' motion. Pollack declared that she had reviewed Armstrong's records, and he had never properly appealed any grievance to final review.

In a response in opposition to the defendants' motion, Armstrong did not dispute Pollack's assertion. Instead, he contended that he was not required to exhaust administrative remedies because the defendants waited too long to raise the defense. In an order entered on April 4, 2008, the Chief Magistrate Judge granted the defendants' motion on the basis that Armstrong had failed to exhaust his administrative remedies.[2] Judgment was awarded to the defendants.

The Clerk of this Court granted Armstrong leave to proceed in forma pauperis and advised him that his appeal was subject to dismissal under 28 U.S.C. § 1915(e)(2), or that it might be appropriate for summary action under Third Circuit LAR 27.4 and I.O.P. 10.6.

---

[1] A fourth amended complaint was stricken for failure to request leave to file it.

[2] The parties consented to jurisdiction by a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

4

He was invited to submit a written response. Armstrong has filed a motion for injunctive relief in connection with a new event that occurred after the Chief Magistrate Judge entered judgment in favor of the defendants and against him.

We will dismiss the appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). We have jurisdiction under 28 U.S.C. § 1291. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our review of the Chief Magistrate Judge's grant of summary judgment is plenary and we must affirm summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We conclude that there is no arguable basis in fact or law for disagreeing with the Chief Magistrate Judge's summary judgment determination. Neitzke, 490 U.S. at 325; Celotex Corp., 477 U.S. at 322-23.

A prisoner must exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) prior to bringing suit. See Booth v. Churner, 532 U.S. 731 (2001). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The three steps in the

5

Pennsylvania grievance process are (1) Initial Review pursuant to DC-ADM-804 Part VI.B of the inmate's filed grievance; (2) the first appeal from the Initial Review, or Appeal to Facility Manager pursuant to DC-ADM-804 Part VI.C; and (3) a final appeal, the Appeal to the Secretary's Office of Inmate Grievances and Appeals pursuant to DC-ADM-804 Part VI.D.  See Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004).

The defendants asserted that Armstrong did not seek final review of any grievance, (which must necessarily include grievance no. 200475 concerning his complaint of sexual harassment relating to the urine sample), and he does not dispute this assertion.  The time for completing the grievance process has long since passed.  Proper exhaustion means using all steps provided by the DOC and doing so properly so that it addresses the issues on the merits.  See Woodford v. Ngo, 548 U.S. 81, 90 (2006).  It demands compliance with the DOC's deadlines and other critical procedural rules because no adjudicative system can function without imposing structure on the course of its proceeding.  Id. at 90-91.

Summary judgment was appropriate because Armstrong failed to come forward with any evidence to rebut the record evidence that he committed a procedural default by failing to complete the grievance process with respect to any grievance.  See Fed. R. Civ. Pro. 56(e); see also Spruill, 372 F.3d at 230 (Prison Litigation Reform Act contains a procedural default component).  Furthermore, in view of the prolonged period during which Armstrong changed and revised his allegations, the defendants were not required to

6

raise this affirmative defense, see Jones v. Bock, 549 U.S. 199, —, 127 S. Ct. 910, 921 (2007), any earlier. Last, even if we assume that Armstrong exhausted his claim against Flinchbaugh relating to the "false" misconduct and interrogation without counsel by seeking final review of the misconduct, cf. Ray v. Kertes, 285 F.3d 287, 297-98 (3d Cir.2002) (declining to decide question whether prisoner may satisfy exhaustion requirement in course of proceedings charging prisoner with misconduct under DC-ADM 801), this claim that resulted in a sanction of thirty days cell restriction does not trigger procedural due process protections. Sandin v. Conner, 515 U.S. 472, 484 (1995). Constitutionally mandated procedures are only necessary where protected interests are involved, and, under Sandin, protected liberty interests are limited to freedom from restraint that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. The sanction of thirty days cell restriction is in the range of conditions that do not violate a protected interest under Sandin.

We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Armstrong's motion for injunctive relief is denied without prejudice to his pursuing his new issues through the prison grievance process.

7